Jay T. Jambeck (SBN 226018)
Mandy G. Leigh (SBN 225748)
Damien Troutman (SBN 286616)
LEIGH LAW GROUP, P.C.
870 Market Street, Suite 1157
San Francisco, CA 94102
Telephone:  415-399-9155
Facsimile:   415-795-3733

*Attorneys for Plaintiff,*
NOAH SAEEDY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# (SOUTHERN DIVISION)

| | |
|---|---|
| NOAH SAEEDY,<br><br>   Plaintiff,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>   Defendant. | Case No.  8:21-cv-01911-DOC-JDE<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>1. VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT;<br>2. VIOLATION OF CALIFORNIA EDUCATION CODE SECTION 220 |

1
FIRST AMENDED COMPLAINT
(Case No. 8:21-cv-01911-DOC-JDE)

Plaintiff alleges as follows:

## THE PARTIES

1. Plaintiff NOAH SAEEDY is a resident of Orange County, California.

2. Defendant REGENTS OF THE UNIVERSITY OF CALIFORNIA is a Corporation established by Article IX, Sec. 9 of the California Constitution and is a statewide governmental entity employing more than fifteen employees and is located throughout the State of California. University of California, Irvine, at issue in this litigation, is located in Orange County, California.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. §1331 as this matter arises under 42 U.S.C. § 12131.

4. Venue in this District pursuant to pursuant to 28 U.S.C. §1391(b)(2) is appropriate because the Central District of California is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and in which the parties to this litigation reside.

## GENERAL ALLEGATIONS

5. Mr. Saeedy matriculated at the University of California, Irvine (UCI) in September 2007 in the Bachelors of Arts program for political science.

6. Prior to enrolling at UCI, Mr. Saeedy was diagnosed with Dyscalculia, which is a disorder that affects 3-6% of the population and arises in most cases from a dysfunction in the parietal of frontal lobes of the brain. Dyscalculia does not reflect a deficit of other cognitive abilities. Mr. Saeedy previously received accommodations from Mt. San Antonio College for his disabling condition.

7. Upon his enrollment at UCI, Mr. Saeedy provided UCI disability services with his diagnosis and requested certain accommodations. However, Mr.

2
FIRST AMENDED COMPLAINT
(Case No. 8:21-cv-01911-DOC-JDE)

Saeedy was told by the disability services director in or around the fall of 2007 that she did not believe Dyscalculia was a disabling condition.

8. Thereafter, in January 2008, Mr. Saeedy provided UCI disability services with a comprehensive report that found Mr. Saeedy performed mathematics at about a fourth-grade level, consistent with a person diagnosed with Dyscalculia. At that time, during 2008, Plaintiff was not provided with an answer, in writing or otherwise, regarding whether his request for a reasonable accommodation would be denied. The interactive process was initiated and the response from UCI employees was that Plaintiff should explore other alternatives first before the issue of waiver would be finally decided. No written denial was made of Plaintiff's request during this time period.

9. For an extended period of time, UCI did not provide Plaintiff with a definitive statement as to whether it was denying Plaintiff's request for an accommodation, whether there would be other options available to him in order to take math equivalent courses, or what the final result of Plaintiff's request would be. Nothing was put in writing denying the request and allowing Mr. Saeedy to potentially challenge that denial, as is standard practice in higher education.

10. In or around October of 2009, written correspondence from a UCI employee states that the math issue remains pending and unresolved.

11. From 2010 to 2017, Plaintiff continued to discuss the potential for reasonable accommodation with various UCI employees, including the assistant dean at the time, Dr. Caesar Sereseres who continued to represent to Plaintiff that a math waiver was still possible or that math equivalents could be identified or some other alternative determined. Plaintiff relied on these representations that the interactive process was still ongoing, and the fact that no final decision had been conveyed to him, and undertook his obligation to explore various options.

12. As late as May 17, 2017, employees of UCI were representing to Plaintiff in writing the possibility that a complete waiver of the math requirement was a viable option. On May 6, 2017, Dr. Caesar Sereseres represented in writing to Plaintiff that he still was able to potentially obtain a waiver of the math requirement. Plaintiff relied on this representation, and began the process of identifying a health professional to provide further information.

13. As Plaintiff was completing the process of further documenting his condition (as he had done previously), on October 6, 2017 Mr. Saeedy was first provided with written correspondence by the Dean of the School of Social Sciences which served as a written denial of the requested accommodation, but which "instructed" Plaintiff to pursue the interactive process by inquiring into "appropriate equivalents to the required math course" by contacting the Director of Undergraduate Student Affairs to determine whether alternative courses would be acceptable. Plaintiff did not know what courses would be "appropriate equivalents," but relied on the representation that appropriate equivalents might be identified and that the interactive process was ongoing as a result of the Dean's letter. However, Plaintiff reached out to the Director of Undergraduate Student Affairs and she did not respond to his calls. Plaintiff thereafter reached out to another employee of UCI to act as an intermediary between Plaintiff and the Director of Undergraduate Student Affairs in attempt to address the accommodation and the Dean's instruction that Plaintiff consult with Director of Undergraduate Student Affairs. As a result of those back-and-forth communications, which included the Director of Undergraduate Student Affairs through an intermediatory UCI employee, Plaintiff was eventually advised to speak with the Department of Humanities to discuss the possibility of either taking "appropriate equivalents" or transferring his credits to the humanities degree program in order to graduate from UCI.

14. A meeting with the Department of Humanities was set up and occurred on April 30, 2018, wherein Mr. Saeedy engaged in the interactive process with representatives of the School of Humanities to determine whether he could utilize his credits to obtain a bachelor's degree in that program, but was advised a math requirement was equally applicable, no "appropriate equivalents" could be identified and the math requirement would not be waived.  At that time, Plaintiff had exhausted the avenues available to him and the interactive process terminated.

15. Mr. Saeedy has completed all other courses required in order to obtain his degree other than the departmental mathematics requirement, including taking courses that satisfied the general education requirement of Quantitative, Symbolic, and Computational Reasoning.  On information and belief, not every UC institution requires a mathematical component in order for a student to obtain a Bachelor of Arts degree in political science and a mathematical component is therefore not essential to a degree in political science.

16. On information and belief, Mr. Saeedy continues to be enrolled at UCI, but is unable to complete his degree absent an accommodation.

## FIRST CAUSE OF ACTION
## VIOLATION OF TITLE II OF THE AMERICANS
## WITH DISABILITIES ACTS AMENDMENTS

42 U.S.C. § 12131, *et seq.*

(FAILURE TO ACCOMMODATE)

17. Plaintiff incorporates the paragraphs alleged above as though fully set forth in this paragraph.

18. Plaintiff suffers from the disabling condition of dyscalculia, which impacts the major life activity of performing mathematical functions at an adult level.

19. Plaintiff is otherwise qualified to receive a degree from UCI as he has performed well in his other courses.

20. Defendant is a public entity.

21. Plaintiff has made a request for a reasonable accommodation to waive the math requirement or substitute other coursework instead and Defendant has denied that requested modification.

22. As a direct and proximate result, plaintiff suffered general damages in addition to lost wages and earning capacity.

## SECOND CAUSE OF ACTION
## VIOLATION OF CAL. ED. CODE § 220

23. Plaintiff incorporates the paragraphs alleged above as though fully set forth in this paragraph.

24. Defendant is an educational institution that receives state funding.

25. In addition to failing to accommodate Plaintiff's disabling condition and thus discriminating against Plaintiff based on disability, Defendant's employees treated Plaintiff disparately as a result of his nationality, ethnicity and race due to his Iranian heritage.

26. On October 6, 2017, then-Associate Dean Mark Petracca wrote in an email to then-Dean William Maurer that Plaintiff was the "kid who claims to be the bastard grandson of the former Shah of Iran" to which Dean Maurer responded in a denigrating manner and ended with "let's hope he just leaves us alone."

27. Defendant's employees discriminated against Plaintiff based on disability, race, nationality and ethnicity in failing and refusing to provide a reasonable accommodation to Plaintiff.

28. As a direct and proximate result, plaintiff suffered general damages in addition to lost wages and earning capacity.

## JURY DEMAND

29.   Plaintiff demands a jury trial on all issues for which a jury is provided for by right.

## PRAYER

Plaintiff prays that the Court award damages and provide relief as follows:

1. General and special damages in an amount to be proven at trial;
2. Order that a reasonable accommodation be provided to him;
3. Order that the math requirement be waived;
4. Reasonable Attorneys' fees and costs pursuant to statute;
5. Any remedies that this Court deems equitable and appropriate.

Dated:   April 22, 2022

Respectfully submitted,

LEIGH LAW GROUP, P.C.

By: /s/ Jay T. Jambeck
_____
Jay T. Jambeck
*Attorneys for Plaintiff*